[Civ. No. 30553. Fourth Dist., Div. Three. Sept. 8, 1983.]

MARGARET P. McMILLAN et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.
OMAR A. KAHLE, Real Party Interest.

COUNSEL

Parker, Stanbury, Mcgee, Bobcock & Combs and Robert A. Walker for Petitioners.

No appearance for Respondent.

William A. Crosby for Real Party in Interest.

OPINION

**TROTTER, P. J.**—In this original proceeding petitioners ask us to resolve an apparent conflict in Code of Civil Procedure sections 2037 and 1141.24[1]

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

regarding their right to expert witness discovery after arbitration but before trial. We find no conflict on the facts presented, but must issue the writ for reasons explained herein.

Section 2037[2] provides for pretrial expert witness discovery. Section 1141.24,[3] however, proscribes post arbitration pretrial discovery without "good cause" and "leave of court."

The sections at first seem incompatible. Petitioners, plaintiffs below in a personal injury action, elected to have the matter removed to arbitration pursuant to section 1141.11, subdivision (a)[4] and Orange County Superior Court rule 31, section 3, (b).[5] After arbitration they filed a request for trial

---

[2]Section 2037 reads:

"(a) Not later than the 10th day after a trial date is selected or 70 days prior to the date set for the commencement of trial, whichever is later, any party may serve on any party a demand to exchange lists of expert witnesses. The demand may also include a request to exchange each identified expert witness's reports and writings, as provided by Section 2037.3. Thereafter, the court may, upon motion and a showing of good cause, permit any party to serve the demand upon any other party.

"The demand shall include a statement in substantially the following form:

"'You are requested to serve a list of expert witnesses in compliance with Section 2037 of the Code of Civil Procedure not later than the date of exchange thereby established. Except as otherwise provided in that article, your failure to do so will constitute a waiver of your right to call unlisted expert witnesses at the trial.'

"If a request to exchange reports and writings is included, the demand shall include an additional statement in substantially the following form:

"'You are also requested to produce for inspection and copying, at the time and place set forth herein, all discoverable reports and writings of each identified expert witness's proposed testimony and preparations to testify.'

"The time and place for the inspection and copying of reports and writings shall be set forth in the demand and may be any reasonable time after the date of exchange as provided in Section 2037.1. At the time specified in the request to produce, the party who served the request and the party on whom the request was served shall each produce their discoverable reports and writings."

[3]Section 1141.24 reads:

"In cases ordered to arbitration pursuant to Section 1141.16(a), absent a stipulation to the contrary, no discovery shall be permissible after an arbitration award except by leave of court upon a showing of good cause."

[4]Section 1141.11, subdivision (a), reads:

"In each superior court with 10 or more judges, all at-issue civil actions pending on or filed after the operative date of this chapter shall be submitted to arbitration, by the presiding judge or the judge designated, under this chapter if the amount in controversy in the opinion of the court will not exceed fifteen thousand dollars ($15,000) for each plaintiff, which decision shall not be appealable."

[5]Orange County Superior Court rule 31, section 3, (b), reads:

"An action shall be placed immediately upon the arbitration hearing list, if it is at-issue, upon the filing of:

". . . . . . . . . . . . . . . . . . . . . .

"(b) A plaintiff's election to arbitrate filed any time prior to a status conference, subject to a motion by defendant for good cause to prevent the case from proceeding to arbitration. Such motions must be made within 15 days of the notice of election to arbitrate and shall be heard in Department 1."

de novo. (§ 1141.20.)[6] Thereafter, defendants served their initial demand to exchange lists of expert witnesses relying on section 2037. Plaintiffs responded and defendant moved for an ex parte order shortening time for the taking of the designated expert's deposition. The trial court denied the motion finding (1) insufficient "good cause" for allowing the deposition under section 1141.24 and (2) section 1141.24 is a "specific" section and thus controls the more "general" provisions of section 2037.

The trial court was misled by counsels' failure to state the issue properly. Even in their briefs before us neither party addressed the statutory scheme which controls the issue presented.

The judicial arbitration act was designed to expedite and streamline the resolution of smaller civil actions by use of arbitration hearings providing "a simplified and economical procedure for obtaining prompt and equitable resolution" of such actions. (§ 1141.10, subd. (b)(1).) The Judicial Council was directed to implement the purposes of judicial arbitration by promulgating rules controlling practice and procedure in all actions submitted to arbitration. (§ 1141.14; see Cal. Rules of Court (hereafter rules), rules 1600-1617.)

The legislation established three methods of bringing a case to arbitration: (1) upon stipulation of the parties (§ 1141.12, subds. (a) and (b)(i)); (2) upon filing of an election to arbitrate by the plaintiff (§ 1141.12, subd. (b)(ii)) and (3) upon court order (§§ 1141.11 and 1141.16, subd. (a)). The first two methods are consensual or voluntary; the last one is compulsory or mandatory. (*Davenport* v. *Vido Artukovich & Son, Inc.* (1983) 141 Cal.App.3d 60, 64 [190 Cal.Rptr. 64].)

The method selected for bringing the case to arbitration affects the time frame within which the action will be placed on the arbitration hearing list. For example, in cases submitted to arbitration upon stipulation of the parties "an arbitrator shall be assigned to hear [the action] within 30 days from the time of its submission to arbitration." (§ 1141.16, subd. (d); rule 1601(a) provides such cases "shall be placed on the arbitration hearing list forthwith.") Similarly, cases involving an election to arbitrate by the plaintiff "shall be submitted to arbitration at an earlier time" (§ 1141.16, subd. (c);

---

[6]Section 1141.20 reads:

"An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar."

rule 1601(b) further provides that plaintiff's written request electing arbitration "shall be filed at the time the at-issue memorandum is filed, or at such later date as is permitted by the court.") By way of contrast, cases not involving a stipulation or election to arbitrate proceed to a mandatory conference held "no later than three months after the at-issue memorandum is filed and no later than 90 days before the date set for trial, whichever occurs first" (§ 1141.16, subd. (a); rule 1601(c)), wherein the court determines its suitability for mandatory arbitration (e.g., amount in controversy, substantiality of prayers for equitable relief, etc.).

■ It is within this statutory framework that we must interpret the application of section 1141.24, prohibiting postarbitration discovery, to the case under review. Section 1141.24 refers to "[C]ases ordered to arbitration pursuant to section 1141.16(a), . . . no discovery shall be permissible after an arbitration award except by leave of court upon a showing of good cause." Section 1141.16, subdivision (a), deals exclusively with cases submitted to arbitration by court order pursuant to a mandatory conference. Here plaintiffs elected arbitration. Cases submitted to arbitration upon plaintiff's election are not controlled by section 1141.16, subdivision (a), but do explicitly fall into the category of cases grouped under section 1141.16, subdivision (c), namely, those cases "[S]ubmitted to arbitration . . . upon the written request of all plaintiffs. . . ." Thus, postarbitration discovery is *not* precluded since the case was submitted to arbitration by plaintiff's election and not pursuant to a mandatory conference as provided by section 1141.16, subdivision (a).

We decline to enter the discovery thicket of court-ordered section 1141.16, subdivision (a), arbitrations since it is not necessary to the resolution of the case before us.

A writ of mandate shall issue directing the trial court to amend its order denying defendant's motion and to enter a new and different order granting the taking of the deposition requested. The alternative writ is discharged.

Crosby, J., and Wallin, J., concurred.