[No. B032061. Second Dist., Div. Seven. Dec. 13, 1988.]

OCEAL GREEN, Plaintiff and Appellant, v.
BRISTOL MYERS COMPANY et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

*Pursuant to rules 976 and 976.1 of the California Rules of Court, the Statement of Facts and part I are certified for publication.

**COUNSEL**

Nathaniel J. Friedman for Plaintiff and Appellant.

Morgan & Ambrister and Cyril E. Ambrister, Jr., for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—Plaintiff Oceal Green (Green) appeals from a summary judgment in favor of defendants Bristol-Myers Company and Xomed Cor-

poration (collectively referred to as Xomed) in a product liability action. Xomed successfully moved for summary judgment on the basis it did not manufacture the allegedly defective product.

On appeal, we consider whether Code of Civil Procedure section 437c's time limitation requiring a summary judgment motion to be heard no later than 30 days prior to the date of trial is extended when the original trial date is continued.[1] We conclude it is. We further conclude the trial court properly granted summary judgment in this case since there is no triable issue that Xomed was the manufacturer of the products in question.

## STATEMENT OF FACTS

This product liability action arose when Green was allegedly injured following her dentist's implantation of several prosthetic devices used in treating temporomandibular joint (TMJ) syndrome. The dentist, Dr. Douglas Morgan (Morgan), was named as a defendant along with the manufacturer of the prosthetic devices, Howmedica, Inc. (Howmedica).

Morgan, in response to interrogatories propounded by Howmedica, stated several of the prosthetic devices implanted in Green were manufactured by Xomed. Green subsequently deposed Morgan. In that deposition, Morgan testified Xomed manufactured some of the devices he used in treating Green. Morgan stated he initially obtained the prosthetic devices from Howmedica but later switched to Xomed because Howmedica primarily made vitallium devices and Green was allergic to vitallium.

Morgan further testified he obtained the prosthetic devices directly from Xomed after speaking with someone from the company in his office. He could not recall the cost of the device although he remembered he was not paid a royalty from Xomed. After receiving the devices, Morgan had no further contact with Xomed.

Based upon Morgan's statements, Green amended her complaint to name Xomed and its parent Bristol-Meyers as defendants. Xomed subsequently moved for summary judgment based upon the statute of limitations. The motion was denied.

Trial was set for April 27, 1987. The date was subsequently vacated and reset for October 6, 1987. On September 9, Xomed sought leave, inter alia, to bring a second summary judgment motion within a period less than 30

---

[1] All statutory references are to the Code of Civil Procedure unless indicated otherwise.

days prior to trial. The trial court ordered a hearing on the motion and on September 24, 1987, denied Xomed's request.

On October 6, the trial court continued the trial date to December 10, 1987. The reason for the continuance is not clear from the record but it apparently involved the Court of Appeal's stay of another action involving Morgan pending review of the plaintiff's petition for mandamus. Ten days later, Xomed noticed a motion for summary judgment to be heard on November 5, 1987.

In its motion, Xomed argued the undisputed facts established it did not manufacture any of the devices implanted in Green. Xomed based this contention in part upon the declaration of Xomed's former president, Dave Walchle.

Walchle's declaration stated he was employed by Xomed during the relevant time period and he was completely familiar with all of Xomed's products. According to Walchle, Xomed never manufactured or distributed any of the prosthetic devices nor did Xomed have the manufacturing capability to produce such a device.

Walchle acknowledged meeting with Morgan to discuss the possible manufacture of the prosthetic devices. During the meeting, Walchle was shown one of Howmedica's stainless steel versions of the device which Morgan suggested could be used as a prototype.

Walchle subsequently purchased three devices from Howmedica to study. Xomed decided not to manufacture the devices and Walchle so informed Morgan. As a courtesy, Walchle then forwarded the three Howmedica devices to Morgan without charge.

Xomed also proffered a declaration from Morgan who disclaimed any personal knowledge concerning whether Xomed manufactured the prosthetic devices he received from them. Specifically, Morgan stated: "Though the said 'TMJ' Device' [sic] was provided to me by defendant Xomed, I have no personal knowledge as to whether or not it was actually manufactured, fabricated or designed by Xomed."

Green opposed the summary judgment motion arguing, inter alia, Morgan's prior deposition testimony and answers to interrogatories stating Xomed manufactured the devices created a triable issue of fact. In opposing the motion, Green introduced a transcript of a Morgan deposition taken in a different case. In that deposition, Morgan was asked whether Xomed manufactured any prosthetic devices for him to which he replied, "I don't

know." Morgan explained he assumed Xomed made the devices supplied to him but he did not know if someone else actually manufactured the devices. Morgan also stated he did not recall a conversation with Walchle wherein Walchle stated Xomed was not interested in manufacturing the devices for Morgan.

The trial court granted Xomed's motion. Green timely appealed.

DISCUSSION

I. SECTION 437C'S TIME LIMITATION FOR HEARINGS ON SUMMARY JUDGMENT MOTIONS IS CALCULATED BASED UPON THE TRIAL DATE IN EFFECT AT THE TIME THE SUMMARY JUDGMENT MOTION IS NOTICED.

Section 437c, subdivision (a) provides: "The [summary judgment] motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise." ▮ Green argues this language requires summary judgment motions to be heard no later than 30 days prior to the initial trial date and any continuance of that date will not extend the time within which a motion may be heard. We disagree.

▮ "Where a statute is theoretically capable of more than one construction we choose that which most comports with the intent of the Legislature." (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) ▮ The language in question must be construed in the context of the entire statute, " 'keeping in mind the nature and obvious purpose of the statute where [it] appear[s].' [Citation.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

▮ The intent underlying section 437c is well established. "The purpose and reason for the summary judgment statute are to protect the rights of the plaintiff from the harassing delays that ordinarily accompany evasive, spurious and meritless defenses [citation], and to expedite litigation by avoiding needless trials [citation]." (*Baron* v. *Mare* (1975) 47 Cal.App.3d 304, 307 [120 Cal.Rptr. 675]; accord *McCreery* v. *Eli Lilly & Co.* (1978) 87 Cal.App.3d 77, 81 [150 Cal.Rptr. 730]; see *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785] ["The aim of the [summary judgment] procedure is to discover, through the

media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial"].)[2]

■ Based upon this legislative intent we must construe the language in question so it is consistent with the overall purpose of disposing of meritless claims prior to trial. Framed in this manner, the inescapable conclusion is the 30-day time limit on summary judgment hearings should be calculated based on the trial date in existence when the motion is noticed regardless of whether that date is the original trial date or not. To construe the statute otherwise would unduly bar otherwise meritorious motions such as the one presented here from being heard and requiring the wasteful expenditure of time and money in the unnecessary litigation of a baseless claim. (Cf. *Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 971 [180 Cal.Rptr. 604] ["To apply a time limitation beyond which the court lacks power so to act would needlessly burden the courts and the litigants with plenary trials that were otherwise capable of summary resolution. We cannot conceive that the Legislature intended such a result"].)[3]

■ ■ ■ ■ ■ Green contends the 30-day time limit is intended to permit the parties sufficient time to prepare for trial without being forced to oppose summary judgment motions.[4] Assuming this is correct, we fail to see how it militates towards either construction of the statute. In both cases, the parties are assured the hearing on the summary judgment motion will be held 30 days prior to the actual date of trial, giving them sufficient time to prepare for trial.

Green further argues section 2024, which requires discovery to be completed no later than the 30th day from the initial trial date, supports her construction of section 437c. The comparison is fallacious. Section 2024 expressly provides "any party shall be entitled as a matter of right to complete discovery proceedings on or before the 30th day, . . . *before the date initially set for the trial* of the action." (§ 2024, subd. (a), italics added.)[5] In contrast, section 437c provides the summary judgment hearing shall

---

[2] Indeed, the Legislature reduced the time for hearing summary judgment motions from 45 to 30 days as part of a series of amendments to section 437c intended to "facilitate the disposition of more cases by summary judgment." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 350 (1983-1984 Reg. Sess.) p. 2; see Sen. Com. on Judiciary, Analysis of Assem. Bill No. 350 (1983-1984 Reg. Sess.) p. 2.)

[3] We recognize a party may be reluctant to agree to a continuance of the trial date if it will permit the other side to bring a summary judgment motion. However, this is easily remedied if, in stipulating to a continuance, the parties further agree they will not bring summary judgment motions.

[4] In fact, our review of section 437c's legislative history indicates the 30-day limit is necessary to permit the completion of discovery and to provide the trial court with sufficient time to consider the motion and any supplemental papers to be filed.

[5] Section 2024's predecessor, California Rules of Court rule 333, provided discovery was to be completed 30 days "before the date set for trial of the case." It was unclear under this rule

be held "no later than 30 days *before the date of trial,* . . ." (§ 437c subd. (a), italics added.) The difference in language between the two statutes is manifest and demonstrates the Legislature could have provided the initial trial date as the cutoff date for summary judgment hearings had it so intended.

In sum, we conclude the trial court properly heard Xomed's motion for summary judgment since the hearing was at least 30 days prior to the trial date in effect when the summary judgment motion was noticed.

II., III.*

. . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The summary judgment in favor of respondents Xomed Corporation and Bristol Myers Company is affirmed. Respondents are to recover their costs on appeal.

Lillie, P. J., and Woods (N. F.), J., concurred.

---

whether the continuance of the trial date extended the discovery period. (See 2 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (1987) ¶ 8:450.)

 *See footnote, *ante,* page 604.