[No. E008269. Fourth Dist., Div. Two. Oct. 9, 1990.]

GERALD N. ROE, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
RICHARD SHELDON et al., Real Parties in Interest

COUNSEL

Kraft, Proulx & Higgins and Keith L. Higgins for Petitioner.

No appearance for Respondent.

Allen & Johnson and Michael V. Johnson for Real Parties in Interest.

OPINION

**TIMLIN, J.**—Petitioner Gerald N. Roe, plaintiff in the underlying action, filed a petition for writ of mandate to compel the lower court to grant his motion to compel answers to interrogatories and to require the production of documents.[1] We requested an informal response pursuant to *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], and now determine that the writ should issue.[2]

---

[1] Henceforth, petitioner Roe will be referred to as plaintiff; real party Richard Sheldon will be referred to as defendant.

[2] The petition was filed with this court on July 12, 1990. On July 26, we requested informal opposition to be filed by August 6. When no such response was received, we made inquiries of

## FACTS

Due to the limited record, the nature of the underlying lawsuit is not entirely clear. However, it involves a sale of real property from defendant Ethel Esepenth, and the unexpected effect of certain building restrictions.

Plaintiff filed an at-issue memorandum on September 20, 1989, and the case was thereafter ordered to arbitration. However, before the arbitration could be held, plaintiff was granted leave to amend his complaint. At the same time, on February 28, 1990, the trial court struck the at-issue memorandum. This had the effect of vacating the arbitration proceedings, including the hearing date of March 8, 1990.

On March 12, plaintiff served interrogatories and requests for production on defendant. Defendant failed to respond in a timely fashion, but eventually notified plaintiff that he would not respond, taking the position that discovery had closed 15 days before the date originally set for arbitration under California Rules of Court, rule 1612. No other objection was raised.

Plaintiff moved to compel answers and responses, and after an acrimonious hearing the court took the matter under submission. It later issued its ruling denying the motion and the reciprocal requests for sanctions, and this petition followed.

█ We are therefore faced with a simple issue: where an arbitration is not merely continued, but all arbitration proceedings, including the actual hearing date (the "arbitration proceedings") are vacated by the striking of the at-issue memorandum, is discovery automatically reopened? Our answer is, "Yes."

## DISCUSSION

Before reaching the merits, we must address two points raised by defendant. First, he complains that we should not consider the petition because it

---

defendant's counsel, who indicated that the request for opposition had not been received. He thereafter, on August 17, requested an extension of time through September 14. Although this was more time than usually given for an informal response, we were not aware of any difficulty and granted the request.

We were then notified by plaintiff that defendant Ethel Esepenth had requested trial priority under Code of Civil Procedure, section 36, and that the request had been granted on June 12, 1990. We were then informed that a tentative trial date was set for October 12. Defendant's response was received on September 17.

We are aware that the provisions of Code of Civil Procedure section 36 are mandatory. (*Swaithes* v. *Superior Court* (1989) 212 Cal.App.3d 1082 [261 Cal.Rptr. 41].) We are also aware that *Swaithes* briefly indicates that this preference can operate to truncate the discovery rights of other parties. (*Id.*, at p. 1085.) However, we are also aware that the due process implications of this approach have not yet been decided. (See *Peters* v. *Superior Court* (1989) 212 Cal.App.3d 218, 227 [260 Cal.Rptr. 426].) In this case, we recognize that it may not be possible to bring the matter to trial within the technical limits of Code of Civil Procedure section 36, subdivision (f). However, defendant Esepenth has not appeared before this court to argue the matter.

is improperly verified. ■ It is true that an unverified, or improperly verified, petition cannot itself serve as a basis for the issuance of a writ. However, when the record presented is sufficient to enable intelligent review, the rule is not strictly applied. (*Pacific Gas & Electric Co.* v. *Superior Court* (1983) 145 Cal.App.3d 253 [193 Cal.Rptr. 336].) The record here is sufficient and there is no dispute over the relevant facts.

Next, defendant argues that extraordinary relief should not be granted because plaintiff failed to seek leave of court to reopen discovery on a showing of good cause, as expressly authorized by Code of Civil Procedure section 1141.24. It is obvious that a remedy which requires an affirmative showing of good cause is not a fair substitute for an absolute right to conduct further discovery. We therefore proceed to the issue raised by the petition.

### A.

■ Plaintiff's first contention is that the question is answered by *McMillan* v. *Superior Court* (1983) 146 Cal.App.3d 1014 [194 Cal.Rptr. 670]. In that case, Division Three of this court held that where a case is arbitrated pursuant to a plaintiff's election, postarbitration discovery is not governed by the restrictive provisions of Code of Civil Procedure section 1141.24.[3] However, the record in this case raises a strong inference that the action here was *ordered* to arbitration.[4] In addition, the *McMillan* court dealt with a statute specifically governing postarbitration discovery, and distinguishing the rules applicable to voluntary and court-ordered arbitrations. Here, by contrast, California Rules of Court, rule 1612 is applicable to *all* prearbitration discovery. (Code Civ. Proc., § 2024, subd. (b).) The manner by which a case becomes subject to arbitration is not relevant to the instant issue.

### B.

Plaintiff's second contention is that by striking the at-issue memorandum, the court effectively vacated the arbitration proceedings in toto, with

---

[3] As it now reads, Code of Civil Procedure section 1141.24 provides that "In cases ordered to arbitration pursuant to subdivision (a) of Section 1141.16, absent a stipulation to the contrary, no discovery other than that permitted by Section 2037 is permissible after an arbitration award except by leave of court upon a showing of good cause." Other than the clause concerning expert disclosure, the statute was substantively the same at the time of the *McMillan* decision.

[4] Plaintiff asserts that because the reference to arbitration was apparently made without a formal conference, as contemplated by Code of Civil Procedure section 1141.16, subdivision (a), it was not "ordered" to arbitration. The incomplete record does not reflect the basis on which the trial court sent the case to arbitration; however, it does contain a notice from the court concerning prospective arbitrators which indicates that the case was "ordered" to arbitration and not sent pursuant to stipulation or election. Further, the at-issue memorandum filed by plaintiff asserted that the amount in controversy exceeded the statutory maximum for arbitration and that he did not elect arbitration. It is true that the memorandum also indicates that plaintiff would not *object* to arbitration, but this hardly constitutes a voluntary election.

the result that he was then free to conduct unlimited discovery untrammelled by the restrictions of the statutes governing arbitrated cases. We agree.

Code of Civil Procedure section 2024, subdivision (a), imposes a 30-day discovery cut-off date applicable to cases going to trial; it is expressly governed by the initial trial date and is not affected by a continuance or postponement.[5] Defendant argues by analogy that the same principle applies to cases in arbitration.

However, Code of Civil Procedure section 2024, subdivision (b), authorizes the Judicial Council to provide by rule for the regulation of discovery in matters to be arbitrated. California Rules of Court, rule 1612 provides that "all discovery shall be completed not later than 15 days prior to the date set for the arbitration hearing unless the court, upon a showing of good cause, makes an order granting an extension of time within which discovery must be completed." The rule omits any qualification that the controlling date is the "initial" arbitration date.

We cannot ignore this difference, which is reflected in several other statutes. For example, prior to 1988, Code of Civil Procedure section 2034, governing expert witness disclosure, set out a schedule with reference only to "the trial date"; it was then amended to specify that the "initial" trial date controlled. It is thus apparent that the Legislature is aware of the practical distinction, and we must presume that the Judicial Council's failure to alter the language in California Rules of Court, rule 1612 reflects a similar awareness.

Without the limitation to "initial" date, the clear interpretation is that, where the arbitration proceedings have been completely vacated by the striking of the at-issue memorandum (even within 15 days of the initial arbitration hearing date) discovery is permissible following the vacation and is then limited as to time only by any new dates set either for trial or arbitration. We also note that the limitation on timing motions for summary judgment contained in Code of Civil Procedure section 437c, subdivision (a), which refers only to "the date of trial," has been interpreted as permitting a later motion to be made where the initial trial date has been vacated and reset. (*Green* v. *Bristol Myers Co.* (1988) 206 Cal.App.3d 604 [253 Cal.Rptr. 745].)

---

[5] "Except as otherwise provided in this section, any party shall be entitled as a matter of right to complete discovery proceedings on or before the 30th day, and to have motions concerning discovery heard on or before the 15th day, before the date initially set for the trial of the action . . . . Except as provided in subdivision (e), a continuance or postponement of the trial date does not operate to reopen discovery proceedings." (Code Civ. Proc. § 2024, subd. (a).)

Subdivision (e) allows reopening, in the discretion of the court, on a showing of good cause.

In limiting discovery in some circumstances by reference to the date initially set for trial, the Legislature is without a doubt aware of the possibilities for abuse and for interference with the orderly preparation for trial, if a party is freely permitted to recommence discovery after every delay in trial, however trivial. Indeed, defendant argues here that the amendment to the complaint, which caused the vacation of the arbitration, was designed for the purpose of delay and to create the opportunity for more discovery.

The contrary argument, which we accept, is that where arbitration proceedings are completely vacated by striking the at-issue memorandum and the case is removed from the civil active list, no principle or policy is offended if discovery is reopened. The record does not indicate the trial court's reasons for canceling the arbitration proceedings by striking the at-issue memorandum, but in many cases the content of an amendment might make the case obviously unsuitable for arbitration, or might introduce issues legitimately requiring new discovery. If that is not the case here, as defendant suggests, the error, if any, was in the order permitting the amendment and striking the at-issue memorandum. That order, of course, is not before us, and we do not mean to indicate any opinion that there was in fact error.

We conclude that plaintiff was entitled to conduct additional discovery. The trial court erred in denying the motion to compel; however, as the issue was one of first impression, the denial of sanctions was within the court's discretion.

Let a peremptory writ of mandate issue, directing the trial court to vacate its order denying plaintiff's motion, and to enter a new order granting said motion, insofar as it seeks responses and the production of documents.

Hollenhorst, Acting P. J., and Dabney, J., concurred.

A petition for a rehearing was denied November 2, 1990, and the opinion was modified to read as printed above. The petition of real parties in interest for review by the Supreme Court was denied January 3, 1991.