[No. B042357. Second Dist., Div. Three. Aug. 2, 1989.]

NANCY BONANNO SWAITHES et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
HOWARD W. HUNTER et al., Real Parties in Interest.

**COUNSEL**

Manuel Hidalgo and Rolando Hidalgo for Petitioners.

No appearance for Respondent.

Bodkin, McCarthy, Sargent & Smith, Henry G. Bodkin, Jr., David J. Theodosopoulos and Thomas W. Falvey for Real Parties in Interest.

---

**OPINION**

**KLEIN, P. J.**—By means of petition for writ of mandate, petitioners, 6 contestants in a will contest, are seeking an early trial setting under the provisions of Code of Civil Procedure section 36, subdivisions (a) and (e)[1] which provide for trial within 120 days after the granting of a motion for trial preference by any party who has reached the age of 70 years.

We are asked to determine whether these provisions are applicable in a will contest in the probate court. We hold the general rules of practice on procedural matters are applicable in probate proceedings unless the Probate Code provides a special rule. Because the Probate Code provides no special provisions for the circumstances present here, we hold the provisions of section 36, subdivision (a) are applicable. Accordingly, the petition for writ of mandate is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 1987, William Huston and Howard W. Hunter filed a petition for probate of a purported will made by Susana W. Lacayo. On August 18, 1987, Nancy Bonanno Swaithes filed opposition to the probate of the purported will, which opposition was subsequently joined by Lawrence Bonanno, Rosalie Bonanno Picone, Evelyn Casey Martin, Myrtle Parson Merritt, and Beryl Parsons. The ages of these 6 contestants, petitioners herein, range from 73 to 91.

On March 29, 1989, petitioners moved the probate court for an order setting trial date pursuant to section 36, subdivision (a), which motion was denied without prejudice as being set in the wrong department of the superior court.

On May 11, 1989, the motion was renewed in the correct department. The respondent court held ". . . Section 36(a) [*sic*] does not apply to this particular case in the state it's in at this time. And that's the extent of my ruling. I will not rule beyond that, because I don't feel it's necessary." The

---

[1] Unless otherwise specified, statutory references are to the Code of Civil Procedure.

apparent reasons for that holding were (1) the argument that discovery was not completed, and (2) motions for summary judgment were pending.

Real parties in interest include the Union Rescue Mission, The Roman Catholic Archbishop of Los Angeles, Catholic Charities of Los Angeles, St. Vincent DePaul Society of Los Angeles, Family Theatre, and Benedictine Mission House (hereafter collectively Real Parties).

Real Parties argue a will contest is not an ordinary civil proceeding so that subdivision (a) of section 36 is inapplicable. The basis of the argument is that a will contest is statutory in nature (*Estate of Miller* (1963) 212 Cal.App.2d 284, 297 [27 Cal.Rptr. 909]; *Estate of Quinn* (1955) 43 Cal.2d 785, 787 [278 P.2d 692]); and the Probate Code contains no specific reference to section 36.

## DISCUSSION

### I. *Subdivision (a) of Section 36 Is Mandatory and Absolute.*

In pertinent part, section 36 provides: "(a) A civil case shall be entitled to preference upon the motion of any party to [such] action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole. [¶] . . . [¶] (f) Upon the granting of such a motion for preference the clerk shall set the case for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party."

The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery. (*Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 86-89 [185 Cal.Rptr. 853].)

The application of section 36, subdivision (a), does not violate the power of trial courts to regulate the order of their business. Mere inconvenience to the court or to other litigants is irrelevant. (*Rice* v. *Superior Court, supra,* 136 Cal.App.3d at pp. 89-94.) Failure to complete discovery or other pretrial matters does not affect the absolute substantive right to trial preference for those litigants who qualify for preference under subdivision (a) of section 36. The trial court has no power to balance the differing interests of opposing litigants in applying the provision. The express legislative mandate

for trial preference is a substantive public policy concern which supersedes such considerations. (*Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689, 698-699 [225 Cal.Rptr. 657].) Accordingly, subdivision (a) of section 36 is mandatory and absolute *in its application in civil cases whenever the* litigants are 70 years old. (*Id.* at p. 694.)

Real Parties assert that section 36, subdivision (a), is applicable only to claims which do not survive the death of a claimant, arguing that any rights petitioners have in decedent's estate will pass to their beneficiaries or heirs in the event of petitioners' death prior to trial. There is absolutely no basis for such an interpretation in the legislative history, case law, or logic. Elderly litigants are clearly entitled to have their case effectively tried and to the opportunity to enjoy *during their own lifetime* any benefits received.

If subdivision (a) of section 36 is applicable in probate proceedings, petitioners have an absolute right to a preferential trial date.

II. *Section 36, Subdivision (a), Is Applicable in Probate Proceedings.*

A. *Applicable Statutory Provisions*

When the motion for trial preference under section 36, subdivision (a), was made, former Probate Code sections 1280 and 1283, operative until July 1, 1989, were applicable. Probate Code section 1280 provided: "All issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions." Probate Code section 1283 makes applicable to probate proceedings the provisions of certain specified parts of the Code of Civil Procedure "with regard to discovery, trials, new trials, appeals, and all other matters of procedure."

On July 1, 1989, Probate Code sections 1280 and 1283 were superseded by Probate Code section 1000, which provides: "Except to the extent that this code provides applicable rules, the rules of practice applicable to civil actions apply to, and constitute the rules of practice in, proceedings under this code."

The issue here is also covered by Code of Civil Procedure section 34 which makes applicable the provisions of the Code of Civil Procedure "relating to the commencement and prosecution of, and the practice, procedure, and enforcement of judgments and decrees in, actions and proceedings in trial courts, . . . except where special provision is made for particular courts, or where a general provision is not applicable by reason of jurisdictional limitations."

■ In construing a statute, courts must give significance to every word, phrase, and sentence; any construction rendering any part of the statute surplusage is to be avoided. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].) Under the same rule, two statutes should be construed together in a manner which gives effect to both. " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect' [citation]; and limit the consideration given to the phraseology of a statute to the end that its purpose will not be sacrificed to a literal construction . . . thereof. [Citation.]" (*San Bernardino Fire & Police Protective League* v. *City of San Bernardino* (1962) 199 Cal.App.2d 401, 414 [18 Cal.Rptr. 757].)

■ The fundamental principle in the construction of a statute is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) The legislative purpose of a statute is determined by "considering its objective, the evils which it is designed to prevent, the character and context of the legislation in which the particular words appear, the public policy enunciated [and] vindicated, the social history which attends it, and the effect of the particular language on the entire statutory scheme." (*Santa Barbara County Taxpayers Assn.* v. *County of Santa Barbara* (1987) 194 Cal.App.3d 674, 680 [239 Cal.Rptr. 769].)

We consider the provisions of Probate Code sections 1280 and 1283 in the context of the whole statutory framework of our state law (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified School Dist., supra,* 21 Cal. 3d at p. 659), including, in particular, Code of Civil Procedure sections 34 and 36. We presume the Legislature in establishing trial preference for elderly litigants was fully aware of the provisions of the Probate Code, including the construction of relevant provisions of the Probate Code by the courts of this state. (21 Cal.3d at p. 659.)

In harmonizing the provisions of the Code of Civil Procedure with those of the Probate Code, we have found no impediment to the application of the trial preference for elderly litigants established in section 36, subdivision (a) to the proceedings in a will contest in probate court.

B. *Applicable Case Law*

The Probate Code is silent on the issue of trial preference for parties over the age of 70 in a will contest. Therefore, we must turn to those cases which

have addressed former Probate Code sections 1280[2] and 1283 in connection with procedural matters not covered by a specific provision of the Probate Code.

In *O'Day* v. *Superior Court* (1941) 18 Cal.2d 540, 542 [116 P.2d 621], our Supreme Court described the language of former Probate Code section 1233,[3] the predecessor of section 1283, as "broad and all-inclusive" in referring to "all other matters of procedure." The *O'Day* court held the legislative intent was "that essential matters of procedure not expressly covered by the [Probate Code] should be governed by the rules of practice for civil actions contained in the Code of Civil Procedure . . . . [¶] The provisions of the new enactment clearly show an intention to state the applicable rules of procedure in general terms rather than by particular specification in order that they may conform, *as nearly as is consistently possible,* to those for civil actions." (Italics added.) (*Id.* at p. 543.) Certain probate proceedings, such as the will contest here, are adversary proceedings, partaking of the nature of a civil action, thereby requiring the limited application of the rules of civil practice. (*Ibid.*)

Many sections of the Code of Civil Procedure, not specified in the Probate Code, have been held applicable to probate proceedings. (See, e.g., *Estate of Morrison* (1932) 125 Cal.App. 504, 509 [14 P.2d 102] (former § 583, dismissal for failure to prosecute); *Voyce* v. *Superior Court* (1942) 20 Cal.2d 479, 485 [127 P.2d 536] (§ 387, intervention by interested persons); *O'Day* v. *Superior Court, supra,* 18 Cal.2d 540, 542-543 (dismissal of the action); *Estate of Corotto* (1954) 125 Cal.App.2d 314, 321-323 [270 P.2d 498] (§ 373, appointment of guardian ad litem).)

However, all rules of civil practice are not applicable to probate proceedings. The general rules of the Code of Civil Procedure do not apply when the Probate Code provides special rules. In the absence of a special rule, the general rules of practice apply to matters of procedure in the probate court. As reiterated by our Supreme Court in *Estate of Neilson* (1962) 57 Cal.2d 733 [22 Cal.Rptr. 1, 371 P.2d 745], probate "proceedings are to conform only *'as nearly as is consistently possible,* to those for civil actions.' [Citations.]" (*Id.* at pp. 747-748.)

Those cases which have held provisions of the Code of Civil Procedure inapplicable in probate proceedings involve provisions of the Code of Civil

---

[2] Probate Code section 1280 restates former section 1230 without substantive change.

[3] Former Probate Code section 1233 provided, in pertinent part: "Except as otherwise provided by this code or by rules adopted by Judicial Council, . . . [certain specified provisions] of the Code of Civil Procedure are applicable to and constitute the rules of practice in the proceedings mentioned in this code with regard to discovery, trials, new trials, appeals, and all other matters of procedure."

Procedure which are inconsistent with specific provisions of the Probate Code. (See, e.g., *Estate of Neilson, supra,* 57 Cal.2d 733; Code Civ. Proc., § 1033 inconsistent with Prob. Code, § 1232); *Estate of Wallace* (1977) 74 Cal.App.3d 196, 201 [141 Cal.Rptr. 426]; Code Civ. Proc., § 1003 inconsistent with Prob. Code, § 1233.)

Because the Probate Code contains no provision inconsistent with subdivision (a) of section 36, there is no statutory basis for denying elderly litigants in a will contest the trial preference established by our Legislature in the Code of Civil Procedure.

### C. *Application Here*

■ After reviewing the language of the relevant statutes, the legislative history thereof, and case law on the issue, we are convinced the Legislature intended that when no special rule has been provided in the Probate Code, the general rules of practice in the Code of Civil Procedure are applicable in procedural matters in probate court. The provisions of the Code of Civil Procedure are inapplicable only when a special rule is provided in the Probate Code.

Further, support for this interpretation is found in Probate Code section 1000, effective July 1, 1989. Section 1000 replaces the first, third and fourth sentences of former section 1280 and the first paragraph of former section 1283. Section 1000 redrafted, reorganized, and generalized the existing provisions and fills any statutory gap, providing a clarification of the rule that the provisions of the Code of Civil Procedure apply in circumstances where no special rule of the Probate Code is applicable.

In order to bring the proceedings in probate court "as nearly as is consistently possible" into conformity with the proceedings in civil actions, section 36, subdivision (a), must be applied in a will contest in probate court whenever litigants eligible for trial preference under the provisions of the Code of Civil Procedure seek such preference.

Accordingly, we hold all litigants over the age of 70 have the right to invoke section 36, subdivision (a), and to receive trial preference in a will contest in probate court.

### DISPOSITION

Having notified the parties of our intention to grant a peremptory writ and having received opposition, we deem this an appropriate matter for issuance of the relief requested in the first instance. (See *Palma* v. *U.S.*

*Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let the peremptory writ of mandate issue directing the respondent court: (1) to vacate the order entered on May 11, 1989; (2) to make a new and different order granting the motion for trial preference pursuant to section 36, subdivision (a); and (3) to set a date for trial within 120 days following the date this opinion becomes final as to this court.

To prevent further frustration of the rights of petitioners, this decision shall become final as to this court immediately. (Cal. Rules of Court, rule 24(d).)

Danielson, J., and Croskey, J., concurred.