[No. B055511. Second Dist., Div. Seven. Feb. 1, 1991.]

LESTER KLINE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CITY OF GLENDALE et al., Real Parties in Interest.

**COUNSEL**

Brumer, Rubin & Weston and Paul J. Shardlow for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

Scott H. Howard, City Attorney, and Michael R. Grant, Deputy City Attorney, for Real Parties in Interest.

## OPINION

**THE COURT.***—Petitioner Lester Kline, the 74-year old plaintiff in a personal injury action against real parties in interests seeks a writ of mandate to prevent the trial court from denying him a preferential trial date (Code Civ. Proc., § 36, subd. (a))[1] and ordering the action submitted to compulsory arbitration. (§ 1141.11.) We have notified the parties a peremptory writ may issue in the first instance (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]), and have read and considered the opposition to the petition filed by the respondent. As will appear, we conclude petitioner is entitled to relief, and this is a proper case for the issuance of a peremptory writ in the first instance. (§ 1088.)

### FACTS

The material facts are not in dispute. In October 1990 petitioner filed a motion for preference pursuant to subdivision (a) of section 36, which then provided, "A civil case shall be entitled to preference upon the motion of any party to the action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole." On October 12, 1990, the trial court granted petitioner's motion for preference and set the trial for January 14, 1991. On December 26, 1990, the parties engaged in a mandatory settlement conference, but were unable to settle the case. Over petitioner's objection, the trial court thereupon ordered the case submitted to compulsory arbitration pursuant to section 1141.11[2] and indicated it would further order the January 14, 1991, trial date vacated. The basis for these actions by the trial court is an amendment to subdivision (a) of section 36, effective as of January 1, 1991, eliminating the automatic preference provided to litigants over age 70, and conditioning the grant of preference upon the trial court's finding "the health of the party [over age 70] is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

### ISSUE PRESENTED

Petitioner contends he had an unqualified, vested substantive right to trial preference in October 1990 and the amendment qualifying this right cannot be applied retroactively, hence the trial court lacked power to vacate

---

*Before Lillie, P. J., Johnson, J., and Woods (Fred), J.

[1] All further statutory references are to the Code of Civil Procedure.

[2] Section 1141.11, subdivision (a) provides: "In each superior court with 10 or more judges, . . . civil actions . . . shall be submitted to arbitration . . . if the amount in controversy in the opinion of the court will not exceed fifty thousand dollars ($50,000) for each plaintiff . . . ."

its October order granting him trial preference. The respondent urges the new statute can be applied in this case to deny preference to petitioner, because it effects "remedial procedural changes intended by the Legislature to have retrospective application."

## DISCUSSION

*Section 36 safeguards a substantive right.*

In *Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81 [185 Cal.Rptr. 853] the Court of Appeal construed subdivision (a) of section 36 as mandatory and absolute in its application, further holding such construction does not impermissibly violate inherent powers of trial courts to regulate the order of their business. In reaching its conclusions the court took into account the legislative intent underlying the provision, and determined it "must be concluded to have the purpose of protecting *a substantive right.*" (136 Cal.App.3d at p. 88, italics added.) The court further explained:

"The bill digest of the Assembly Committee on Judiciary commenting on section 36 states under the heading 'Bill Description' that 'In civil actions a party who has reached the age of 70 is entitled to preference.' Under the heading 'Comment' the summary states 'This bill would provide for an early trial date for persons who because of their advanced age or serious medical problems might die or become incapacitated before their cases come to trial.' These comments reflect the purpose of subdivision (a) to safeguard to litigants beyond a specified age against the legislatively acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and the opportunity to recover their just measure of damages or appropriate redress. The present action is illustrative of *the substantive character of the right conferred by subdivision (a).*" (136 Cal.App.3d at pp. 88-89, fn. omitted, italics added.)

Later in its opinion, in the course of explaining why mandatory application of the provision does not violate the trial courts' power to regulate the order of their business, the *Rice* court distinguished three cases cited by the real parties as involving statutes which, unlike section 36, subdivision (a), were not "intended to protect a substantive right of litigants as opposed to their mere convenience. [¶] . . . [S]ubdivision (a) . . . protect[s] *a legislatively acknowledged substantive right* to trial and to obtain a full measure of damages during the litigant's lifetime . . . . [Denial of] trial preference to a litigant coming within the qualifications of subdivision (a) might forever deprive that litigant of the very substantive rights the statute is intended to protect." (136 Cal.App.3d at pp. 90-91, italics added.)

The holding of Rice was reaffirmed in *Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689 [225 Cal.Rptr. 657] and *Swaithes* v. *Superior Court* (1989) 212 Cal.App.3d 1082 [261 Cal.Rptr. 41]. There, the court held all over-age-70 litigants in a will contest have the right to invoke section 36 and stated, "The clear intent of the Legislature is to safeguard litigants who qualify . . . against [an] acknowledged risk . . . . [The provision acknowledges] the absolute substantive right to trial preference for those litigants who qualify for preference . . . ." (212 Cal.App.3d at p. 1085.)

Finally, in *Vinokur* v. *Superior Court* (1988) 198 Cal.App.3d 500 [243 Cal.Rptr. 683] we held section 36 controls over the conflicting provisions for mandatory judicial arbitration of actions involving less than a specified amount in controversy: "In contrast with the clear purpose of section 36 of safeguarding a substantive right of a clearly defined class of litigants, the Judicial Arbitration Act (§ 1141.10 et seq.) was enacted to provide a procedure" for efficient resolution of minor disputes. (198 Cal.App.3d at p. 502.)

*The recent amendment to section 36 must be given prospective application only.*

■ " 'It is well established that statutes and other enactments should not be given a retroactive operation unless the legislative intent to do so is clearly apparent.' (*Tevis* v. *City & County of San Francisco* (1954) 43 Cal.2d 190, 195 [272 P.2d 757]; see also *Stanford* v. *Bailey Inc.* (1955) 132 Cal.App.2d 725, 731 [282 P.2d 992].)" (*Nourafchan* v. *Miner* (1985) 169 Cal.App.3d 746, 754 [215 Cal.Rptr. 450].)

■ In its enactment of the recent amendment to section 36, the Legislature did not express an intention to make the provision retroactive. Therefore, the question is whether its application to petitioner constitutes an unauthorized retroactive application.

■ "A statute is not retroactive in its application merely because it draws upon antecedent facts for its operation. [Citations.] The 'ultimate test' is whether the statute as applied changes the legal effect of past transactions. [Citations.] Application of a statute which changes existing rights would be retroactive because the legal effects of past events would be changed. [Citations.] But a statute's application which merely affects procedures to be followed in the future, is prospective because it does not deprive a person of any right which he or she had prior to the effective date of the statute. [Citations.]" (*Department of Health Services* v. *Fontes* (1985) 169 Cal.App.3d 301, 304 [215 Cal.Rptr. 14].)

■ In this case, inasmuch as section 36 protects a substantive right which is altered by the amendment, the new provision cannot be applied to

rights existing prior to its operative date. Petitioner herein had a vested right to trial preference in October 1990, hence the new statute cannot lawfully be applied to deprive him of that right.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of December 26, 1990, in case No. NCC42685 submitting the matter to compulsory arbitration, and thereafter to set the case for trial in the next available courtroom. To prevent further frustration of the rights of petitioner, this opinion shall be deemed final as to this court five days from the date hereof. (Cal. Rules of Court, rule 24(c).)