Filed 3/20/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ARDELLA FOX et al.,<br><br>　　　Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　Respondent;<br><br>METALCLAD INSULATION LLC et al.,<br><br>　　　Real Parties in Interest. | A153672<br><br>(San Francisco City & County Super. Ct. No. CGC-17-276565) |

## I.　INTRODUCTION

Petitioners Ardella and Robert Fox (the Foxes) seek a writ of mandate compelling the superior court to grant their motion for trial preference and set a trial date within 120 days of this court's issuance of writ relief. We requested opposition to the petition and advised the parties we may grant a peremptory writ under *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 (*Palma*). Only 1 of 18 defendants opposed the Foxes' petition. Having reviewed the petition, opposition, and supporting documentation, we shall grant the writ and direct the superior court to schedule a trial within 120 days.

## II.　FACTUAL AND PROCEDURAL BACKGROUND

The Foxes filed this action in February 2017, claiming that Ms. Fox, age 81, sustained personal injuries as a result of her exposure to asbestos and asbestos-containing products many years ago, from approximately 1954 through 1963. They named 18 parties as defendants. Out of concern for Ms. Fox's declining health, the Foxes filed a

motion for trial preference under Code of Civil Procedure section 36, subdivision (a),[1] seeking preference on the trial calendar. The basis for the claimed preference was that Ms. Fox now suffers from stage IV lung cancer and various related ailments. Among the materials supporting the preference motion was a declaration from the Foxes' attorney, David Donadio, reporting not only has the cancer metastasized to Ms. Fox's femur, clavicle, and spine, but she also suffers from asbestosis, asbestos-related pleural disease, severe coronary artery disease, and anemia.

To combat her cancer, Ms. Fox receives chemotherapy treatments every three weeks. Apparently, she is "[r]esponding to current chemotherapy and [is] in partial remission[,]" but the side effects have been severe. Donadio explained: "[Ms. Fox] currently suffers from whole body aches and pain, severe abdominal and bowel complications, nausea and vomiting, dehydration, drowsiness, extreme weakness and fatigue. She also suffers from 'chemo brain' or a fogginess in thought process that impairs her ability to focus, concentrate and effectively communicate. [¶] . . . [¶] [Her] immune system is extremely weak and impaired and will only continue to become progressively weaker as she continues with chemotherapy treatment which will result in worsening impairing side effects including severe bowel and abdominal issues, severe weakness and fatigue, poor appetite and difficulty walking and talking. This will further impair [Ms. Fox's] stamina and ability to focus, concentrate, and effectively communicate, making her less able to fully participate in her trial."

As a result of these health problems, Donadio concluded: "[f]or [Ms. Fox] to effectively participate and assist in her trial, so that her interests will not be prejudiced, it is imperative that the trial be held as soon as possible." To provide a foundation for this conclusion, the Foxes submitted medical records confirming Ms. Fox's medical diagnoses. Ms. Fox also submitted her own declaration attesting to the fact that she suffers from the diseases and chemotherapy side effects reported by Donadio. In her declaration, she stated that she is currently capable of effectively participating in her case,

___

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

"[b]ut unless the Court grants a preference in setting my case for trial this may no longer be possible and I risk not being able to participate effectively or indeed at all in my trial."

Only 2 of 18 defendants opposed the Foxes' motion for trial preference. Metalclad Insulation LLC (Metalclad) filed a written opposition and one other defendant, Sequoia Ventures, Inc, filed a pro forma joinder in Metalclad's opposition without offering substantive argument. In a brief law-and-motion hearing at which both Metalclad and Sequoia appeared, only Metalclad argued in opposition to the Foxes' motion. Following that hearing, the trial court denied the motion, stating, in a form order provided by Metalclad, that the Foxes "failed to demonstrate that the health of Ardella Fox is such that preference is necessary to prevent prejudicing her interest in the litigation, as required by Code of Civil Procedure, section 36[, subdivision] (a)." It is from this order that the Foxes seek writ relief. Now, before us, the sole defendant to defend the trial court's ruling is Metalclad.

### III.    DISCUSSION

On petition of any party over age 70, section 36, subdivision (a), provides that the granting of calendar preference is mandatory in some circumstances. (*Rice v. Superior Court* (1982) 136 Cal.App.3d 81, 89; *Kline v. Superior Court* (1991) 227 Cal.App.3d 512, 515.) We have such a circumstance here. Because our analysis turns on the text and structure of section 36, we begin with the language of the statute. Subdivision (a) provides that "[a] party to a civil action who is over 70 years of age may petition the court for a preference, which the court *shall* grant if the court makes both of the following findings:  [¶] (1) The party has a substantial interest in the action as a whole. [¶] (2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation." (Italics added.) Subdivision (d), by contrast, provides that, regardless of the age of the party involved, "[*i*]*n its discretion*, the court *may* . . . grant a motion for preference that is accompanied by clear and convincing medical documentation that concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months,

3

and that satisfies the court that the interests of justice will be served by granting the preference." (Italics added.)

The trial court gave no reason for its denial of the Foxes' motion for calendar preference, nor was it required to do so, since the denial of a section 36 motion is reviewable for abuse of discretion. But "the determination of whether the trial court selected the proper legal standards in making [a discretionary] determination is reviewed de novo." (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, italics omitted.) The record here strongly suggests the court was led astray by an incorrect statutory construction argument from Metalclad that, in effect, conflated subdivisions (a) and (d). This error first surfaced in Metalclad's memorandum opposing the preference motion, which contended the motion should be denied because the Foxes failed to support their claimed need for preference by clear and convincing proof. That was plainly wrong. The heightened clear and convincing proof standard is required for motions seeking discretionary grants of preference under subdivision (d), but not for motions seeking mandatory preference under subdivision (a).

When, at oral argument, counsel for the Foxes highlighted the mistake, Metalclad's counsel conceded error and said she "[had] no idea why that [was] in" the opposition brief, but she nonetheless went on to compound it by inviting the court to deny calendar preference because the Foxes had not offered a physician's declaration attesting to Ms. Fox's prognosis in more detail than Donadio's declaration provided. This fallback position may have been a less egregious misreading of section 36, but it too conflated subdivisions (a) and (d). The standard under subdivision (a), unlike under subdivision (d), which is more specific and more rigorous, includes no requirement of a doctor's declaration. To the contrary, a motion under subdivision (a) may be supported by nothing more than an attorney's declaration "based upon information and belief as to the medical diagnosis and prognosis of any party." (§ 36.5; accord Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2017) ¶ 12:247.1, p. 12(I)-44 [attorney declaration under section 36.5 "can consist entirely of hearsay and conclusions"].) Understandably, Metalclad has abandoned this fallback position as well.

4

The only remaining ground of opposition now pressed by Metalclad is that an elder moving for preference under subdivision (a) must show that "death or incapacity might deprive [her] of the opportunity to have [her] case effectively tried."[2]  That argument fares no better than the first two.  Section 36, subdivision (a), says nothing about "death or incapacity."  Whether there is "substantial medical doubt of survival . . . beyond six months" is, to be sure, a matter of specific concern under subdivision (d), but the relevant standard under subdivision (a) is more open-ended.  The issue under subdivision (a) is not whether an elderly litigant might die before trial or become so disabled that she might as well be absent when trial is called.  Provided there is evidence that the party involved is over 70, all subdivision (a) requires is a showing that that party's "*health . . . is such* that a preference is necessary *to prevent prejudicing* [*her*] *interest in the litigation*."  (Italics added.)  Metalclad's proposed reading of subdivision (a), requiring a showing of what amounts to likely unavailability for trial, sets the prejudice standard too high.

Rather than engage directly with the language of section 36, Metalclad proposes to add a gloss.  Citing *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242 (*Hernandez*), it suggests that, in applying subdivision (a), the trial court properly balanced the Foxes' interest in expedition against its interest in having adequate time to prepare for trial.  *Hernandez* addressed the importance of reconciling the good cause standard for granting trial continuances with the competing policy obligation to comply with the Trial Delay Reduction Act.  (*Hernandez*, at p. 1246 ["decisions about whether to grant a continuance . . . 'must be made in an atmosphere of substantial justice.  When the two policies collide head-on, the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency.'  [Citation.]  What is required is balance."].)  There is no clash of statutory policies here.  Where a party meets

---

[2] See Defendant Metalclad Insulation LLC's Opposition to Plaintiff's Motion for Order Granting Preference in Setting Case for Trial (Dec. 6, 2017), at p. 3; Preliminary Opposition to Petition for Writ of Mandate (Mar. 7, 2018), at p. 2.

the requisite standard for calendar preference under subdivision (a), preference must be granted. No weighing of interests is involved.[3]

Metalclad purports to dispute the extent of Ms. Fox's health problems and claims the trial court was entitled to assess the "veracity" of her declarations. And in making that assessment, we are told, the absence of more medical details, including some indication of her "life expectancy," was relevant. If by way of opposition Metalclad had submitted, say, a photograph of 81-year-old Ms. Fox scuba-diving in the Galapagos Islands just last fall, there might be some basis to expect more medical detail, but on this record we see no genuine dispute that Ms. Fox is very sick. It is uncontroverted she suffers from stage IV lung cancer and severe coronary artery disease, among other ailments. She is undergoing chemotherapy treatment, but is in constant discomfort and has difficulty performing basic life functions. And critically, her mental state has deteriorated to a point where she becomes confused and forgetful. All told, the evidence shows that while Ms. Fox is currently able to participate in a trial, she has good reason for concern that will not be the case for much longer as her health deteriorates. In the face of this uncontroverted showing, we think it was error to deny her preference on the trial calendar. We see no basis for the ruling here other than the mistaken interpretation of section 36, subdivision (a) urged by Metalclad.

Beyond the proof the Foxes offered, we are hard pressed to see what more they would need to present to justify entitlement to calendar preference under subdivision (a). For those in Ms. Fox's unfortunate situation, the end may come quickly with little warning; years may pass with gradual, relentless decline before the battle is lost; or, happily, there may be sustained remission after episodic periods of improvement and

---

[3] Metalclad's "balancing of interests" argument is cast primarily as a matter of appropriate exercise of statutorily conferred discretion, but at one point it takes the argument a step further, suggesting that "[d]efendants' due process rights and fundamental fairness must also be given weight" in the balance. Suffice it to say the preference motion here, which was made eleven months into the case, seeking a trial date within 120 days of that, allowed plenty of time for discovery and trial preparation. The idea that due process concerns are in play is baseless.

relapse.  Anyone who has ever heard a physician say in these circumstances, "we just can't predict with any certainty," will appreciate that indeterminacy is not only inherent in the situation, but is part of the challenge of dealing with it.  We therefore agree that, on this record, the absence of more specifics about Ms. Fox's prognosis was insufficient reason to deny the Foxes' request for calendar preference.  Metalclad's position to the contrary, in our view, grafts the more stringent standard of subdivision (d) onto subdivision (a) in derogation of the text and structure of the statute.

In a final effort to stave off accelerated trial, Metalclad argues writ relief is inappropriate because the trial court denied the Foxes' motion for trial preference without prejudice and, in any event, section 36 permits the Foxes to file a new motion "[a]t any time."  (§ 36, subd. (c)(2).)  As a result, Metalclad claims the Foxes have not shown irreparable harm or that they lack an adequate remedy at law, two prerequisites for writ relief.  (See *Los Angeles Gay & Lesbian Center v. Superior Court* (2011) 194 Cal.App.4th 288, 299–300.)  We disagree.  While the Foxes' ability to file a new motion gives them a remedy at law, we do not view that as adequate relief.  Sure, at some future time, the Foxes could try again by filing a new motion for trial preference when Ms. Fox's condition worsens.  But that option may well provide cold comfort.  Subdivision (a) requires the granting of calendar preference to "*prevent*" prejudice to a stricken litigant's interests.  (Italics added.)  The idea that Ms. Fox should be made to wait to file a preference motion until she is clearly in her final days—when attendance at a trial is hardly what she should be doing—makes no sense at all.

## IV.   DISPOSITION

Having notified the parties we might issue a peremptory writ in the first instance, pursuant to *Palma*, *supra*, 36 Cal.3d 171, we now conclude that the Foxes' entitlement to relief is obvious and no useful purpose would be served by plenary consideration of this issue.  We have determined there is an unusual urgency, requiring acceleration of our normal process in writ proceedings.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)  Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its December 20, 2017 order, and to grant a new order setting trial in this matter within

120 days of this opinion. This decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

_____
STREETER, J.

We concur:


_____
RUVOLO, P. J.


_____
SCHULMAN, J.[*]

[*] Judge of the Superior Court of California, County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A153672, *Fox v. Superior Court*

A153672 – *Fox v. Superior Court*

Trial Court:    San Francisco City & County Superior Court

Trial Judge:    Hon. Richard Ulmer

Counsel:

Brayton Purcell, Alan R. Brayton, and Richard M. Grant for Plaintiffs and Petitioners.

No appearance for Respondent.

Dentons US, Lisa L. Oberg, Michelle C. Jackson, and Kathy M. Huynh for Defendant and Real Party in Interest Metalclad Insulation LLC.