Filed 10/8/21  Sellers v. S.C. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| HENRY SELLERS, etc., | |
| Petitioner, | E077489 |
| v. | (Super.Ct.No. MCC2002018) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| PROMEDICA HEALTH SYSTEMS, INC. et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Craig Riemer, Judge. Petition granted.

Valentine Law Group, Kimberly A. Valentine and Joseph F. Fighera, for Petitioner.

No appearance for Respondent.

Dummit, Buchholz & Trapp, Scott D. Buchholz, Nicole G. Wells, Joanna Ryan Bourke and Holly M. Carnes, for Real Party in Interest, KPC Global Medical Centers.

1

No appearance for Real Party in Interest, Jerome Mueller, M.D.

## INTRODUCTION

Petitioner and plaintiff Henry Sellers, through his guardian ad litem, Sonja Sellers, seeks a writ of mandate compelling the superior court to grant his motion for trial preference and to set a trial date within 120 days. We requested opposition to the petition and advised the parties we may grant a peremptory writ under *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178. Only one party, KPC Global Medical Centers, Inc. (KPC Global) filed an opposition. Having reviewed the petition, opposition, and supporting documentation, we shall grant the writ and direct the superior court to schedule a trial within 120 days.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner is an 85-year-old man who suffers from Parkinson's disease, coronary artery disease, hypertension, anemia, and memory loss. He filed a lawsuit through his guardian ad litem alleging negligence, elder abuse and neglect, and other causes of action against defendants and real parties in interest.[1]

During the course of the proceedings, petitioner filed a motion for trial preference under Code of Civil Procedure section 36, subdivision (a), which allows a party to a civil action who is over age 70 to request trial preference due to underlying health concerns.[2] The

---

[1] Petitioner has since entered into a settlement agreement with some of the parties, but two defendants remain, KPC Global and Jerome Mueller.

[2] All further statutory references are to the Code of Civil Procedure.

2

motion included a declaration from counsel and medical records that showed petitioner's diagnoses. As related to Parkinson's disease, counsel's declaration stated: "Parkinson's disease is a degenerative disorder of the central nervous system, where the progressively worsening condition of the subject includes the loss of motor function, thinking and behavioral problems, and dementia often occurring in the advanced stages of the disease. The very nature of [petitioner's] Parkinson's diagnosis means that his condition will continue to worsen throughout the time period which will include this litigation, and such degeneration will include thinking and behavioral problems along with a risk of dementia. [Petitioner's] diagnosis may substantially prejudice his interest in the action, and demonstrates he is entitled to preferential trial setting."

Defendants opposed the motion by separately filed oppositions that primarily contended petitioner had not established his health status required preference and that they would be prejudiced if the court granted the motion.[3]

Following a hearing on the motion, the trial court adopted its tentative ruling and denied petitioner's motion without prejudice because petitioner failed to establish that trial preference was necessary to prevent prejudicing his interest in the litigation. The court's written ruling stated that counsel's declaration "says little about the plaintiff's prognosis. Although it states that Parkinson's disease is a degenerative condition, it does not describe the speed of that degeneration, either in Parkinson patients generally or in the plaintiff in

---

[3] Petitioner attempted to file replies, but they were rejected because his attorney service mistakenly brought them to the wrong court. We do not address petitioner's contention that the trial court erred in refusing to consider his replies because we conclude petitioner is entitled to trial preference on the evidence presented in the initial motion.

particular. To provide the basis for a finding that the plaintiff's particular degenerative condition renders it necessary to conduct a trial within 120 days, the Court requires evidence concerning the likely rate of degeneration caused by that condition in the plaintiff. Is it likely that the plaintiff's condition will materially worsen over the next four months? If not, then a trial within 120 days is not necessary to prevent prejudice to the plaintiff's interest." The ruling also noted that petitioner was already mentally incompetent, and "[p]resumably, therefore, the nature of any prejudice cannot be that he will suffer further degeneration of his ability to think or of his mental competency more generally. If he is mentally incompetent now, then even greater incompetency in the next 120 days does not materially change the status quo."

## DISCUSSION

Preliminarily, we note that a party whose motion for trial preference under section 36, subdivision (a), has been denied without prejudice may seek relief by extraordinary writ. (*Fox v. Superior Court* (2018) 21 Cal.App.5th 529, 536.) We review the denial of a motion for trial preference for abuse of discretion and review de novo the determination of whether the trial court selected the proper legal standard to assess the motion. (*Id*. at p. 533.)

Petitioner challenges both the denial of his motion and the standard the court used to assess it. Relying on *Fox v. Superior Court*, *supra*, 21 Cal.App.5th 529, he contends the trial court applied an inappropriately high standard in assessing whether he established trial preference was necessary. Real party in interest, KPC Global, counters that the trial court applied the correct standard and properly denied the motion because petitioner failed to show how his medical conditions necessitated a trial preference; he simply asserted that trial

4

preference was necessary because he suffers from Parkinson's disease. We agree with petitioner.

A party to a civil action who is over age 70 and suffers from underlying health problems may petition the court for trial preference under section 36, subdivision (a). If the court finds the moving party "has a substantial interest in the action as a whole," and "the health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation," it is required to set the matter for trial within 120 days. (§ 36, subds. (a), (f).)

The requisite showing under section 36, subdivision (a), may be made through an affidavit signed by counsel "based upon information and belief as to the medical diagnosis and prognosis of any party." (§ 36.5.) When the moving party has made the requisite showing, relief is mandatory. (*Fox v. Superior Court*, *supra*, 21 Cal.App.5th at p. 533.) Trial preference for litigants who qualify under section 36, subdivision (a), is an "absolute substantive right." (*Swaithes v. Superior Court* (1989) 212 Cal.App.3d 1082, 1085.)

The proper standard to apply when assessing a motion under section 36, subdivision (a), was addressed in *Fox v. Superior Court*. "The issue under subdivision (a) is not whether an elderly litigant might die before trial or become so disabled that she might as well be absent when trial is called. Provided there is evidence that the party involved is over 70, all subdivision (a) requires is a showing that that party's '*health . . . is such* that a preference is *necessary to prevent prejudicing [her] interest in the litigation*.' (Italics added.) . . . [R]equiring a showing of what amounts to likely unavailability for trial, sets the prejudice standard too high." (*Fox v. Superior Court, supra,* 21 Cal.App.5th at p. 534.)

Here, we agree with petitioner that the trial court applied an inappropriately high standard in assessing petitioner's motion. The court placed too much emphasis on the need for a prognosis showing petitioner's health was actively in decline to the exclusion of the medical records that clearly pointed to the need for an expedited trial. Petitioner presented evidence that he was an 85-year-old man with diagnoses of Parkinson's disease, coronary artery disease, hypertension, anemia, and memory loss. His counsel's declaration asserted that the very nature of petitioner's Parkinson's disease meant his condition would continue to worsen and would include thinking and behavioral problems, along with the risk of dementia. The medical records reflected that petitioner had already suffered "significant memory loss" and required considerable assistance in routine situations. This was sufficient to establish trial preference under section 36, subdivision (a). The fact that petitioner had a guardian ad litem appointed due to his incompetency did not require the court to disregard petitioner's memory loss as a basis of prejudice.

The purpose of section 36, subdivision (a), is to ensure that elderly litigants who are in poor health receive their day in court while their health permits. (See *Swaithes v. Superior Court*, *supra*, 212 Cal.App.3d at p. 1085 ["The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery."].) Petitioner made the requisite showing under the statute and he is entitled to trial preference.

# DISPOSITION

Having followed the procedures and given the notice described in *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at p. 178, we deem this an appropriate matter for issuance of a peremptory writ in the first instance. We have determined the matter presents an unusual urgency, requiring acceleration of our normal process in writ proceedings. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241.)

Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its June 22, 2021 order denying trial preference, and to grant a new order setting trial in this matter within 120 days of this opinion. This decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

Petitioner is DIRECTED to prepare and have the peremptory writ of mandate issued, copies served and the original filed with the clerk of this court, together with proof of service on all parties.  Petitioner is to recover his costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


SLOUGH _____
J.

We concur:


RAMIREZ _____
P. J.


MENETREZ _____
J.

7