Filed 9/23/25  Leahy v. Adams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| LINDA G. LEAHY, | C101715 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0050908) |
| v. | |
| THERESE ADAMS, | |
| Defendant and Respondent. | |

Self-represented plaintiff Linda G. Leahy appeals after the trial court sustained a demurrer to her complaint without leave to amend.  She contends there were several errors in the trial court proceedings.  Because she fails to meet her burden of demonstrating error, we affirm.  Undesignated statutory references are to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint against defendant Therese Adams and others, alleging various causes of action related to a family trust.

1

Plaintiff made two motions for trial preference.  The court denied both:  the first because plaintiff failed to submit any admissible evidence in support; and the second because the evidence was insufficient to meet the clear and convincing standard of section 36, subdivision (d).  The motions and their supporting evidence are not in the record.

Meanwhile, defendant demurred to plaintiff's complaint, and the trial court sustained the demurrer with leave to amend.  Plaintiff then filed an amended complaint, serving it and the summons on defendant in California on January 24, 2024, using United States mail from Oregon.

On February 28, 2024, defendant filed a declaration (the February 28 declaration) stating (1) her intent to file a demurrer to the amended complaint and (2) the need for additional time to complete the meet and confer process.  According to the February 28 declaration, defendant sent a meet and confer letter to plaintiff two days prior, and the parties required additional time to complete the meet and confer process.  The caption on the declaration identifies a related probate case (the probate case).

On March 4, 2024, defendant filed the same declaration, this time identifying this case (the March 4 declaration).

Also on March 4, 2024, plaintiff filed a request for entry of default.

On March 5, 2024, defendant filed an application for nunc pro tunc filing of a declaration in support of an automatic extension and two supporting declarations.  According to one supporting declaration:  (1) defendant's attorney sent a letter to plaintiff on February 26, 2024 via express mail to attempt to meet and confer regarding "deficits" in the amended complaint; (2) plaintiff responded and offered a telephone call; (3) defendant's attorney was "unavailable to further meet and confer with [p]laintiff prior to the deadline to respond"; (4) on March 2, 2024, defendant's attorney learned that the February 28 declaration was filed in the probate case; and (5) on March 4, 2024,

defendant's attorney corrected the caption in the February 28 declaration.  The record does not include a ruling on the application for nunc pro tunc filing.

The court clerk denied plaintiff's default request because an "automatic extension ha[d] been filed."

On March 21, 2024, plaintiff filed a motion for reconsideration of the default denial.  Among other things, she claimed that defendant:  (1) "made no attempt to meet and confer, and in fact, ghosted [p]laintiff when she asked them about it"; (2) did not mail the meet and confer letter until February 28, 2024; and (3) did not meet and confer because plaintiff is deaf, uses a captioning phone, and defendant does not want to use that phone.  The court denied the motion.  It concluded that defendant's deadline to file a declaration in support of automatic extension was extended by 10 calendar days because plaintiff served the amended complaint from outside California, making the March 4 declaration timely.

On March 29, 2024, defendant demurred to the amended complaint.  In support, defendant filed a request for judicial notice of certain documents from the probate case and argued plaintiff's claims were barred by res judicata.  On May 21, 2024, the court held a hearing on defendant's demurrer.  The court granted the request for judicial notice and sustained the demurrer without leave to amend.  The court also noted that the hearing transcript could not be certified due to audio quality.

Plaintiff then filed an ex parte motion to stay the demurrer ruling based on the lack of a certified transcript.  In response, the court vacated the ruling on the demurrer and set the matter for further hearing.  After that further hearing, the court again granted defendant's request for judicial notice and sustained defendant's demurrer without leave to amend, concluding plaintiff's causes of action against defendant were barred by res judicata and failed to state a claim.  The court entered the order on the demurrer on July 23, 2024 (the July 23 order).

3

On July 30, 2024, plaintiff filed a notice of appeal, identifying the July 23 order as the order being appealed. The court entered a judgment of dismissal as to defendant on August 6, 2024.[1]

DISCUSSION

A trial court's judgment is presumed correct on appeal, and it is the burden of the party challenging it "to demonstrate, on the basis of the record presented . . . that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) Each point the appellant makes must be presented under a separate heading or subheading summarizing the point. (Cal. Rules of Court, rule 8.204 (a)(1)(B).) These rules apply equally to self-represented litigants. (*Elena s. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Contentions that fail to follow these rules are deemed forfeited. (*United Grand Corp.*, at p. 153.)

Here, cogent arguments are difficult to find in plaintiff's briefs: the points are unclear and not presented under separate headings, and citations to the record and legal authority are largely missing. As best we can discern, plaintiff contends seven categories of error occurred throughout the proceedings that prejudicially affected the outcome or constituted structural error.[2] We address each category separately and conclude plaintiff fails to meet her burden to show error.

---

[1] Defendant describes this appeal as premature because it was filed before the judgment of dismissal was entered. We agree with that description. But we deem plaintiff's notice of appeal filed immediately after, and as an appeal from, the judgment of dismissal. (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1829, fn. 2.)

[2] Plaintiff's opening brief does not challenge the merits of the ruling on the demurrer. As a result, we do not address those merits either and reject any effort by plaintiff to do so in

4

First, plaintiff contends the trial court improperly denied her default request and considered defendant's late-filed demurrer. We disagree.

A defendant's filing of a demurrer prevents entry of default. (§ 585, subds. (a) & (b).) The demurrer can be filed within 30 days after service of the complaint. (§ 430.40, subd. (a).) That time is extended by 10 days if the complaint is served from outside California. (§ 1013, subd. (a); see *In re Marriage of Thompson* (2022) 74 Cal.App.5th 481, 489, fn. 8.) Before a demurrer may be filed, the demurring party must meet and confer with the party filing the complaint. (§ 430.41, subd. (a).) If the parties are unable to meet and confer at least five days before the demurrer is due, the demurring party is granted an automatic 30-day extension by filing and serving a declaration stating a good faith attempt had been made to meet and confer and explaining why the parties were unable to do so. (*Id*., subd. (a)(2).) The demurring party is not subject to default during the extension. (*Ibid*.)

Here, the amended complaint was served from outside California on January 24, 2024, making the demurrer or 30-day extension declaration due by March 4, 2024. Plaintiff disputes the March 4 deadline. She relies on a proof of service attached to her opening brief that does not appear in the clerk's transcript. And she contends the amended complaint was also served inside California on January 24, 2024, making defendant's demurrer due by February 28, 2024. We reject this contention. As the appealing party, plaintiff bears the burden of demonstrating error by providing an adequate record on appeal. (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9.) We cannot consider documents that are not in the record. (*In re Carpenter* (1995) 9 Cal.4th 634, 646.) Based on the four corners of the record presented, the March 4 calculation was correct.

her reply brief. (*Sachs v. Sachs* (2020) 44 Cal.App.5th 59, 66 [we will not consider matters raised for the first time in a reply brief].)

Also within this first category of purported error, plaintiff disputes whether the March 4 declaration satisfied section 430.41, subdivision (a)(2). That provision gives the demurring party an "automatic 30-day extension" by filing and serving a declaration stating under penalty of perjury that a good faith attempt to meet and confer was made and explaining the reasons why the parties could not meet and confer. (§ 430.41, subd. (a)(2).) Plaintiff contends "[n]o such declaration was made." But she fails to articulate why the March 4 declaration was deficient. (See *United Grand Corp., supra,* 36 Cal.App.5th at p. 153 [we do not make arguments for the parties and disregard conclusory arguments].) Her conclusory contention is forfeited.

Second, plaintiff contends the clerk's transcript is missing 30 proof of service documents. But plaintiff is the party who bears the burden of providing an adequate record (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324) by, for example, seeking augmentation of the record to include omitted documents. (See Cal. Rules of Court, rule 8.155; *In re Marriage of Forrest & Eaddy* (2006) 144 Cal.App.4th 1202, 1209.) Plaintiff provides no basis for us to find error based on documents that do not appear in the record that she has the burden of providing.

Third, plaintiff contends the court held a hearing on defendant's nunc pro tunc application without her presence or prior notice. But the record does not include a ruling on the application for nunc pro tunc filing, which indicates to us that no such hearing or ruling occurred. Plaintiff bears the burden of providing a record showing error, and she has not done so with this third contention.

Fourth, plaintiff contends the further hearing on the second demurrer "introduced new facts" but the court's order was the same as the vacated order, giving the appearance that the trial court was biased and "going through formalities." This contention lacks sufficient support. Plaintiff does not identify the "new facts," including where they can be found in the record, nor does she cite any authority obligating the court to change its ruling. And plaintiff's bias claim is unsupported and unconvincing: a trial court's rulings

6

against a party do not, by themselves, support a charge of bias. (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 952.)

Fifth, plaintiff contends the trial court improperly denied her second motion for trial preference, faulting the court for not believing her and not allowing her to provide more documentation. But this motion, its supporting evidence, and the transcript of the hearing are not in the record. We must therefore presume the trial court acted within its discretion in denying it. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"]; *Fox v. Superior Court* (2018) 21 Cal.App.5th 529, 533 [denial of section 36 motion reviewed for abuse of discretion].) Plaintiff also questions the indication in the record that she appeared remotely for the hearing on this motion, claiming she "was not served and had not asked for [a]ccommodation for the remote hearing[.]" But plaintiff was the party who filed the motion for trial preference, and she supplies no basis for us to conclude that the record of her presence at the hearing was inaccurate or that she was deprived of any rights at the hearing.

Sixth, plaintiff contends she was improperly served throughout the proceeding. Specifically, she contends there were "no proper observances of service to an out of state [p]laintiff requiring 10 extra days before hearings." Because plaintiff provides no examples of such improper service, these contentions are forfeited.

And seventh, plaintiff contends the court and defendant's attorneys were generally biased against her because she is deaf and represented herself. Specifically, she contends defendant refused to meet and confer with her for these reasons, and the trial court changed hearing dates "with no notice or short notice," causing plaintiff to "scramble" to get accommodations for her hearing disability. Plaintiff cites nothing in the record to support these contentions. We take these accusations seriously, but they must have support in the record. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nwosu v. Uba* (2004)

7

122 Cal.App.4th 1229, 1246 [reviewing court ' 'not required to search the record on its own seeking error' "].)  A trial court's rulings against a party do not, by themselves, support a charge of bias.  (*Severson & Werson, P.C., supra,* 37 Cal.App.5th at p. 952.)

DISPOSITION

The judgment is affirmed.  Defendant is awarded her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)&(2).)


/s/
MESIWALA, J.


We concur:


/s/
KRAUSE, Acting P. J.


/s/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.